IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHARIF MOZAAR MUSTAFA EL:BEY,          )
formerly known as Alton Cannon,               )
                                                               )
                  Plaintiff,                               )
                                                               )
         v.                                                   ) Civ. No. 11-1225-GMS
                                                               )
SEPTEMBER LIMITED LIABILITY          )
COMPANY, et al.,                                   )
                                                               )
                  Defendants.                          )

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Sharif Mozaar Mustafa El:Bey ("El:Bey"), formerly known as Alton

Cannon, filed a complaint on December 13, 2011. (D.I. 2.) El:Bey resides in Wilmington,

Delaware, and is a frequent filer in this court. He appears *pro se* and has been granted leave to

proceed *in forma pauperis*. For the reasons discussed below, the court will dismiss the complaint

as malicious and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. FACTUAL AND PROCEDURAL BACKGROUND

El:Bey cites to numerous federal criminal and civil statutes, the United States and

Delaware Constitutions, and numerous foreign laws. The civil cover sheet describes the instant

action as a "fraudulent conveyance/transfer" pursuant to 18 U.S.C. § 1001.[1] The complaint is

silent as to jurisdiction, but the civil cover sheet states that jurisdiction rests in this court by

reason of a federal question and diversity of citizenship of the parties. El:Bey amended the

complaint on March 9, 2012, followed by a motion to amend the complaint on March 30, 2012.

---

[1]A federal criminal statute referring to fraud and false statements.

(D.I. 7, 8.) El:Bey names twenty-three defendants including the State of Delaware, the Court of Chancery of the State of Delaware ("Court of Chancery"), the General Assembly, as well as numerous other State and Non-State actors. Four of the defendants in the instant complaint (i.e., the Wilmington Police Department ("Police Department"), Robert Martin ("Martin"), Tina D'Antonio ("D'Antonio"), and the Court of Chancery) were named as defendants in *El:Bey v. Wilmington Police Department*, Civ. No. 11-1200-GMS, dismissed as frivolous by this court on March 13, 2012. No relief is sought by El:Bey in the original complaint. The amended complaint seeks equitable, affirmative, and injunctive relief. (D.I. 7.)

As discussed in Civ. No. 11-1200-GMS, El:Bey filed a complaint in the Court of Chancery to preliminarily and permanently enjoin the Police Department, Martin, and D'Antonio from encroaching and trespassing on land to which El:Bey claimed title. (D.I. 2, Ex. Nov. 23, 2011 Court of Chancery Opinion ("the opinion").) As with Civ. No. 11-1200-GMS, the allegations in the Court of Chancery case and the instant complaint are extremely similar, the main difference being that the instant complaint was filed approximately three weeks following the Court of Chancery November 23, 2011 opinion.

On November 1, 2011 El:Bey "found" abandoned property located at 2105 Baynard Boulevard, Wilmington, Delaware ("the property"), that had been vacated by Larry and Karen Hicks ("the Hicks"). El:Bey took up residence on the property on November 5, 2011. El:Bey claims that the abandoned property belongs to him and that he has a right to the property pursuant to a "Mortgagee Worthier Deed" dated October 31, 2011, and filed November 2, 2011. The Recorder of Deeds did not designate the document as a deed at the time of filing. After

2

encounters with the realtor, potential buyers, and the Police Department, El:Bey was told to leave the property and warned against returning.

The Court of Chancery issued its opinion on November 23, 201, finding that El:Bey had no legal claim to the property. The Court of Chancery found that the Hicks transferred the property to the defendant Vestinus, LLC ("Vestinus") on November 16, 2010, and that Vestinus transferred the property to the defendant September Limited Liability Company ("September") on the same date through a Quitclaim Deed. El:Bey alleged that the Quitclaim Deed is fraudulent. The Court of Chancery found El:Bey's complaint both factually and legally frivolous and that the "Mortgagee Worthier Deed" did not grant title to the property to him.

El:Bey contends that the property at issue is abandoned and that a title search did not provide any information that a deed remains on file or that there are liens against the property. El:Bey contends that he took possession of the property and seems to alleges that it is being sold unlawfully because Vestinus failed to take physical possession, tenancy, and occupancy of the property. El:Bey contends that the Court of Chancery, in ruling against him, "discriminatorily, arbitrarily, maliciously, reckless, and capriciously" violated his First Amendment right to redress his grievance without a valid reason or just cause. In essence, El:Bey asks this court to review the ruling of the Court of Chancery.

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.

3

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because El:Bey proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del.,1995), *aff'd*, 111 F.3d 125 (3d Cir.) (table decision), *cert. denied*, 522 U.S. 852 (1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *Deutsch*, 67 F.3d at 1086.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

4

pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant El:Bey leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that El:Bey has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege El:Bey's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the

5

complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Issue and Claim Preclusion

The court first addresses the issues of res judicata and collateral estoppel. Under the doctrine of res judicata (referred to now as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *See Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (not published); *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002). "The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Transamerica Occidental*, 292 F.3d at 392.

Collateral estoppel, also known as issue preclusion, refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated. *See Fairbank's Capital Corp.*, 234 F. App'x at 23. Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting Restatement (Second) of Judgments § 27 (1982)). There are four requirements for the application of collateral estoppel: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the

6

previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* (internal quotation marks and citations omitted).

El:Bey raised the same or similar claims in the Court of Chancery. He merely continued with his claims in this court when the Court of Chancery ruled against him. This is the second lawsuit El:Bey has filed in this regard. El:Bey is barred under the doctrine of issue preclusion to relitigate his claims relating to his entitlement to the property. *See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995). To the extent El:Bey seeks to raise additional claims that could have been raised in his prior action, those claims are also barred. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1994). El:Bey's time to raise his claims occurred when he unsuccessfully sought recovery in the Court of Chancery. El:Bey may not relitigate the claims he currently raises against the defendants as they are barred under the doctrines of claim and issue preclusion.

## B. *Rooker-Feldman* Doctrine and *Younger* Abstention Doctrine

### 1. *Rooker-Feldman* Doctrine

Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). The

---

[2]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte. Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

*Rooker-Feldman* doctrine applies in cases "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

El:Bey couches his claims as violations of federal criminal and civil law. It is evident, however, that he actually seeks review and rejection of Court of Chancery's November 23, 2011 opinion. His claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction. Allowing El:Bey's claims to proceed against the defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Thus, to the extent that El:Bey seeks to have this court invalidate the order of the Court of Chancery, it lacks the jurisdiction to do so.

### 2. *Younger* Abstention Doctrine

The court does not know the current status of the Court of Chancery case. It may be that the case is pending or is on appeal. The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings, has been extended to civil cases and state administrative proceedings, and applies until all appellate remedies have been exhausted. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

Three requirements must be met for the application of the *Younger* doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state

proceeding which implicates important state interests; and (3) an ongoing state proceeding which

presents an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.* at

431-432. Additionally, the state proceeding need not be ongoing at the time the federal

complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the

federal issue in a state proceeding. *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

It is not clear if there is an ongoing state judicial proceeding. Nonetheless, the State of

Delaware has a substantial interest in the fair administration of real estate matters. Notably, State

court proceedings provide a plaintiff Like El:Bey with an adequate opportunity to present any

potential federal claims. Based upon the foregoing, whether or not there are ongoing

proceedings, under the *Younger* abstention doctrine, the court must abstain from exercising

jurisdiction over El:Bey's claims.

## C.    Frivolous and Malicious Claims

El:Bey raises claims under federal criminal statutes. To the extent that El:Bey seeks to

impose criminal liability upon the defendants pursuant to the criminal statutes upon which he

relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*,

270 F. App'x 149, 150 (3d Cir. 2008) (not published); *see United States v. Friedland*, 83 F.3d

1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all

criminal cases within his or her district."). The decision of whether to prosecute, and what

criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*,

442 U.S. 114, 124 (1979).

In addition, the court find the filing of the instant complaint malicious. In the Third

Circuit, when considering whether an action is malicious, the court engages in a subjective

9

inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *Deutsch*, 67 F.3d at 1086. Other circuits have offered more objective instances of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Crisafi v. Holland*, 655 F.2d 1305,1309 (D.C. Cir. 1981); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie*, 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted). El:Bey continues to file repetitive claims and/or claims arising out of a common nucleus operative facts, even though those claims have been dismissed. The instant complaint falls squarely in the category of malicious litigation.

Based upon the foregoing, the court concludes that El:Bey's complaint is both frivolous and malicious within the meaning of 28 U.S.C. § 1915(e)(2)(B). Therefore, the court will dismiss the complaint.[3]

---

[3]The court also notes that the State of Delaware, the General Assembly, and the Court of Chancery are immune from suit. To the extent that El:Bey attempts to raise violations of his constitutional rights, many of the defendants are not State actors. In addition, some defendants have judicial immunity, while others had no personal involvement and, it appears, are named as a defendant based upon their supervisory positions.

## V. CONCLUSION

For the above reasons the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of the complaint would be futile.  All pending motions will be denied as moot.  (D.I. 3, 8.)

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_May 4_ , 2012
Wilmington, Delaware

11